# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM T. MORRISON JR, | ) | CASE NO. 4:19-cv-2676 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WARDEN MARK K. WILLIAMS, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation ("R&R") of Magistrate Judge Carmen E. Henderson, recommending that the Court deny the motion of petitioner William T. Morrison Jr. ("petitioner" or "Morrison") for a temporary restraining order and/or a preliminary injunction. (Doc. No. 26 [R&R]; *see* Doc. No. 8 ["TRO/PI I"].) Morrison filed timely objections to the magistrate judge's R&R. (Doc. No. 29 ["Obj.'"].) Respondent Mark K. Williams ("respondent" or "Williams") filed neither objections nor a response to Morrison's objections.

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a *de novo* determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules the objections in part, accepts the R&R in part, and denies Morrison's motion for a temporary restraining order and/or preliminary injunction.

## I. BACKGROUND

Morrison does not object to the magistrate judge's recitation of the factual and procedural background set forth in the R&R, and the Court adopts this portion of the R&R as written. To

properly frame Morrison's objections, it is sufficient to note that Morrison, a federal prisoner housed at FCI Elkton, brought the present action in 2019 challenging certain conditions of his confinement and disciplinary actions taken by prison officials. (*See* Doc. No. 1 (Complaint).) He later amended his complaint to include issues related to the response by the Bureau of Prisons ("BOP") and prison officials at his facility to the global health crisis surrounding the COVID-19 pandemic. (Doc. No. 7 (Amended Complaint ['"FAC"]).)

He subsequently moved for injunctive relief, relying on Issues II, IV, and VII in the FAC. Specifically, Issue II challenges the purported lack of an established time frame for Informal Administrative Remedies in violation of BOP Program Statement 1330.18 and 28 C.F.R. § 542.13(a). (FAC ¶¶ 28–36.) Issue IV alleges that prison officials have violated BOP Program Statement 1060.11 by permitting the housing of three inmates per cell. (*Id*. ¶¶ 43–53.) Issue VII alleges that the hot water has been disconnected from the inmate washing machines. (*Id*. ¶¶ 57–61.) In the present motion for injunctive relief, Morrison seeks an order directing respondent to immediately follow 28 C.F.R. § 542.13, Program Statement 1060.11, the guidance of the Centers for Disease Control and Prevention ("CDC"), and Ohio health codes. (TRO/PI I at 130[1].)

On September 29, 2020, the magistrate judge issued her R&R recommending that the Court deny Morrison's motion for a temporary restraining order and/or preliminary injunction. Applying a liberal interpretation appropriate for pleadings prepared *pro se*, the magistrate judge interpreted Issues II, IV, and VII of the FAC as challenging the conditions of Morrison's confinement and raising claims under *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (R&R at 344–45.) She found

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

that Morrison was unlikely to prevail on these *Bivens* claims for two reasons. First, she determined that Morrison failed to demonstrate that he had properly exhausted his administrative remedies as to these claims as required by the Prison Litigation Reform Act ("PLRA"). (*Id*. at 345–46.) Second, she found that Morrison was unlikely to prevail on the merits of his *Bivens* claims. Citing *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the magistrate judge determined that the issues raised by Morrison, even if true, failed to demonstrate that respondent was deliberately indifferent to a substantial risk of harm to Morrison, as the BOP and prison officials at FCI Elkton had reasonably responded to the health crisis surrounding COVID-19. (*Id*. at 346–49.) She also rejected Morrison's requests to take judicial notice and for the appointment of counsel and recommended that the Court deny his motion for an evidentiary hearing. (*Id.* at 349–51.)

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A general objection—"[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before"—is not considered a proper objection for the district court's de novo review. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* LR 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). A general objection to an R&R has the same effect as a failure to object: a general objection waives de novo review by the district court and appellate review of the district court's decision. *Aldrich*, 327 F. Supp. 2d at 747–48.

### III. OBJECTIONS

Many of the objections lodged by Morrison offer little more than a rehashing of arguments raised and considered by the magistrate judge. To the extent that Morrison's objections merely summarize previously raised arguments and ask this Court to reach a different conclusion, they operate as a waiver of de novo review by this Court. Further, Morrison does not object to the standard the magistrate judge applied in considering his request for preliminary injunctive relief, and the Court finds that the magistrate judge properly evaluated his motion under Fed. R. Civ. P. 65 and governing Sixth Circuit law. Nevertheless, the Court finds it necessary to address Morrison's objections relating to exhaustion and the interpretation of his claims, as well as his request for an evidentiary hearing.

#### A. **Exhaustion**

Morrison does not challenge the magistrate judge's determination that the claims at issue are subject to exhaustion under the PLRA. Instead, he challenges the magistrate judge's finding

that Morrison's request for administrative remedies did not include the matters addressed in the present preliminary injunction motion. (*See* R&R at 346.) He cites to exhibits appended to his objections partially documenting his efforts to grieve these matters through the administrative process. (Obj. at 368, 369, 371, citing Doc. Nos. 29-1, 29-2, 29-3.) It does not appear that these exhibits were presented to the magistrate judge, and it is, therefore, inappropriate for Morrison to offer them for the first time in support of objections to the R&R. Further, it is unclear from these documents whether Morrison has *fully* exhausted his administrative remedies. Nonetheless, for purposes of considering Morrison's objections to the R&R only, the Court will assume that Morrison has satisfied the exhaustion requirement as to these claims.[2] Accordingly, Morrison's objection as to exhaustion is sustained.

    **B.**    *Bivens* **Claims**

Several of Morrison's objections challenge the magistrate judge's interpretation of Issues II, IV, and VII as raising *Bivens* claims. (*See* R&R at 344.) In these objections, Morrison does not challenge the magistrate judge's determination that *Bivens* claims are subject to the Eighth Amendment deliberate indifference standard, or that under the Sixth Circuit's recent decision in *Wilson, supra*, such claims are unlikely to prevail as to any *Bivens* claims raised in connection with the BOP's response to the COVID-19 pandemic. Rather, Morrison takes issue with the magistrate judge's interpretation of his claims as raising *Bivens* claims. Specifically, he complains that he "'did not' or 'has not' ever claimed his Eight Amendment Rights were violated related to Issue[s] II, IV, or VII" in the FAC. (Obj. at 367 [emphasis in original]; *see*

---

[2] The magistrate judge suggested that Morrison's claim as to the inadequacy of the informal grievance process (*see* FAC, Issue II) was merely a ploy to circumvent the exhaustion requirement for *Bivens* claims. (*See* R&R at 346.) As previously indicated, it remains to be seen whether Morrison has fully exhausted the claims in the FAC.

*also id*. at 369 ["It is paramount that the district court see that 'again' the [magistrate judge] has [miscomprehended] his claim[.]"]; 370 ["Morrison's TRO at issue VII states absolutely nothing slightly related to the 8th Amendment, deliberate indifference, or cruel and unusual punishment."].)

The proper categorization of a claim is to be determined by its substance, not simply by the nomenclature chosen to identify it. "[A] pleading will be judged by the quality of its substance rather than according to its form or label." *Rodriguez v. Mun. of San Juan*, 659 F.3d 168, 173 (1st Cir. 2011) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1286 (3d ed. 2004)). Here, the substance of the asserted claims raise condition-of-confinement concerns. To the extent that these claims attempt to challenge the conditions at the facility where Morrison is serving his sentence, they properly arise under *Bivens*. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *see also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (construing condition-of-confinement claims as brought under *Bivens*). Further, it is well settled that *Bivens* claims are analyzed using an Eight Amendment, deliberate-indifference standard. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1864, 198 L. Ed. 2d 290 (2017).

Morrison argues that his claims are much simpler than the magistrate judge believed. But, as explained below, if Morrison's claims are as simplistic as he suggests, they would fall short of stating a claim for relief in federal court. For example, Morrison asserts that Issue IV "is simply that the FCI Elkton Warden is failing to adhere to his own Program Statement 1060.11 *et seq*. by housing '3' inmates in cubicles measuring less than '92' square feet. Nothing more, nothing less." (Obj. at 369 [emphasis in original].) To the extent that Morrison merely alleges that respondent violated a BOP Program Statement, this issue fails to state a claim. "The BOP's

Program Statements are not 'laws' which may be broken. Rather, they are merely internal agency guidelines and manuals, and they are not promulgated in compliance with the Administrative Procedures Act." *Christensen v. United States*, No. 5:11-cv-321, 2013 WL 4521040, at *2 (E.D. Ky. Aug. 26, 2013) (citing *Reno v. Koray*, 515 U.S. 50, 61, 115 S. Ct. 2021, 132 L. Ed. 2d 46 (1995)). "Accordingly, they do not carry the force of law, and do not create substantive rights that may be enforced by any person." *Id.* (citing *United States v. Craveiro*, 907 F.2d 260, 264 (1st Cir. 1990); *Schweiker v. Hansen*, 450 U.S. 785, 789, 101 S. Ct. 1468, 67 L. Ed. 2d 685 (1981)). Because a federal employee's failure to adhere to a program statement does not constitute a violation of federal law, Issue IV—to the extent it relies exclusively on such a failure—fails to state a claim. *Id.* (citing cases). Similarly, Issue II, to the extent it relies on the violation of a Program Statement, would fall short of stating a claim that would entitle Morrison to relief. (*See* FAC ¶¶ 28–30 [alleging that respondent is in violation of Program Statement 1330.18 for failing to establish a time frame for investigating and responding to prisoner grievances].)

Finally, Morrison argues that "Issue VII again, is a simple, but serious one. The Washing Machines provided in the Inmate Housing Units for inmates to wash their clothes, linens, and COVID-19 face masks 'do not' have Hot Water connected to them." (Obj. at 370 [emphasis and capitalization in original].) The FAC further alleges that the CDC recommends that clothing be washed in hot water to eliminate cross contamination of blood, urine, germs, and viruses. (FAC ¶ 61.) The failure to follow CDC guidance, even if such guidance is incorporated into a Program Statement or a prison's policy response to a health crisis, also fails to set forth a claim redressable through the courts.

It is only when Issues II, IV, and VII are generously construed as raising *Bivens* claims that they even approach the status of claims that can exist in federal court. A properly pled *Bivens* action alleges a constitutional violation, and it is this alleged violation, in part, that confers subject matter jurisdiction on the district court. *See also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) ("To succeed on a *Bivens* action, a plaintiff must first establish a constitutional violation."). Morrison does not challenge the magistrate judge's analysis of these claims under *Wilson*, and the Court agrees that *Wilson* controls. Because Morrison is not likely to prevail on the merits of these issues, he is not entitled to preliminary injunctive relief, and his objections as to the R&R's treatment of Issues II, IV, and VII are overruled.

### C. Evidentiary Hearing

Morrison also complains that the magistrate judge erred in recommending that the Court deny his motion for an evidentiary hearing because the government failed to respond to his motion. (Obj. at 373.) "Federal Rule of Civil Procedure 65, which governs the issuance of preliminary injunctions, does not explicitly require the court to conduct an evidentiary hearing[.]" *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007). The Sixth Circuit has indicated that a hearing is not necessary where the issues are "primarily questions of law." *Id.* (citing *Lexington-Fayette Urban Cnty. Gov't v. Bellsouth Telecomm., Inc.*, 14 App'x 636, 639 (6th Cir. 2001)). Specifically, the Sixth Circuit has observed:

> [W]here facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held. [However,] where material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought, district courts generally need not hold an evidentiary hearing.

*Id.* at 553 (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312–13 (11th Cir. 1998)).

Here, the issue is legal in nature. Because Sixth Circuit precedent suggests that Morrison is unlikely to demonstrate that respondent is deliberately indifferent, even if he establishes the facts set forth in his asserted claims, there is no need for an evidentiary hearing. The objection relating to the proposed resolution of Morrison's motion for an evidentiary hearing is overruled.[3]

## IV. INSTITUTIONAL TRANSFER

On August 14, 2020, Morrison filed a second motion for a temporary restraining order and/or preliminary injunction. (Doc. No. 19 ["TRO/PI II"].) In this motion, Morrison claims that, on March 5, 2020, a representative from the American Correctional Association ("ACA") spoke with him regarding a letter he wrote complaining about the conditions at FCI Elkton and urging the agency to withhold accreditation from the facility. (*Id.* ¶ 2; *see* Doc. No. 19-1 [Jan. 30, 2020 letter].) He further alleges that, around the time of the meeting, an FCI Elkton case manager advised him that she was putting in for a transfer for him to another facility, and that he was designated to be transferred to Federal Prison Camp El-Reno. (TRO/PI II ¶¶ 3–4.)

According to Morrison, on March 27, 2020, FCI Elkton "went on full lockdown related to the COVID-19" pandemic. (*Id.* ¶ 5.) "On or around April 15, 2020 all prisoner transfers were halted due to the concerns of spreading COVID-19." (*Id.* ¶ 7.) He asserts that the BOP Central Office alerted officials at FCI Elkton on July 25, 2020 that regional transfers of inmate will

---

[3] Morrison's objections relating to the magistrate judge's refusal to take judicial notice of certain facts and her denial of Morrison's request for counsel are also overruled. In his objections, Morrison fails to identify any facts to which the Court may properly take judicial notice under Fed. R. Evid. 201. (*See* Obj. at 371.) As for his request for appointed counsel, there is no right to counsel in prisoner civil rights cases. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). The appointment of counsel in a civil proceeding is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993). His suggestion that counsel is needed to obtain documentation from other institutions to show that respondent has violated Program Statement 1330.18 (*see* Obj. at 372), does not demonstrate exceptional circumstances.

resume, but "it is Morrison's understanding and belief the [BOP] Central Office later cancelled those transfers." (*Id*. ¶ 8.)

"It is Morrison's contention that the number one way [respondent] will attempt defending against Morrison's [FAC] is to transfer him away from FCI Elkton and claim there is no longer a controversy because Morrison was transferred and ask the Court to dismiss because of mootness." (*Id*. ¶ 9.) He maintains that he does not wish to be transferred to another facility before the issues raised in the FAC are fully litigated, and that any transfer prior to that time by the BOP would be in bad faith. (*Id*. ¶¶ 10–11.) He requests a restraining order and preliminary injunction "halting Morrison from being transferred from FCI Elkton" until the present litigation is completed. (*Id*. at 201.)

"'A preliminary injunction is an extraordinary remedy never awarded as of right.'" *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1064 (E.D. Mich. 2011) (quoting *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). An injunction should be granted "'only if the movant carries his or her burden of proving that the circumstances clearly demand it.'" *Id.* (quoting *Overstreet v. Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002) (further citation omitted)). "'[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.'" *Id.* (quoting *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000)). A plaintiff must "affirmatively demonstrate entitlement to injunctive relief." *Id.*

In determining whether to issue a preliminary injunction, the Court considers four well-known factors: (1) whether plaintiff has established a strong likelihood of success on the merits; (2) whether plaintiff will suffer irreparable harm without an injunction; (3) whether issuing an

injunction will cause substantial harm to others; and (4) whether an injunction will serve the public interest. *Id.* (citing *Winter,* 555 U.S. at 20; *ACLU of Ky. v. McCreary Cnty., Ky.,* 354 F.3d 438, 445 (6th Cir. 2003)). These four considerations are factors to be balanced, not prerequisites that must satisfied. *Callan v. Fischer*, No. 3:16-cv-734, 2016 WL 6886870, at *1 (W.D. Ky. Nov. 19, 2016) (collecting Sixth Circuit cases). "'Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.'" *O'Toole v. O'Connor*, 802 F.3d 783, 788 (6th Cir. 2015) (quoting *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000)).[4]

A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *See Overstreet*, 305 F.3d at 573. Where a prisoner requests an order enjoining a prison official, the Court must proceed with caution and due deference to the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995).

Respondent urges this Court to deny the motion upon his belief that Morrison cannot establish that he is likely to prevail on the merits or that he will suffer irreparable harm. As to the former, respondent argues that this Court lacks authority to enjoin the BOP from transferring Morrison to another facility because that authority lies with the BOP. (Doc. No. 21 ["TRO/PI II Opp'n"] at 219–20, citing cases.) As to the latter, respondent insists that Morrison cannot show that his transfer is imminent in that he has conceded that all prisoner transfers have been suspended during the pandemic. (*Id*. at 221.)

---

[4] "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for a preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated in part on other grounds by Lewis v. Hamboldt Acquisition Corp*., 681 F.3d 312 (6th Cir. 2012) (en banc).

The Court finds that Morrison has not demonstrated that he is likely to prevail on the merits. The BOP has been charged by statute with the authority to designate the place of an inmate's confinement. *See* 18 U.S.C. § 3621(b). As part of this authority, the BOP "may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. *Id*. Further, it has long been held that an inmate has no liberty interest in being placed in any particular penal institution. *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976); *see Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). As such, "[a]bsent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed." *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013).

Morrison offers only his unsupported suspicion that respondent intends to cause him to be transferred for some nefarious purpose. But Morrison's mere speculation that he might be transferred to another correctional facility as part of a plan to moot the claims in the FAC fails to demonstrate the existence of unusual circumstances justifying a district court's interference with the BOP's housing decisions. *See, e.g., Christian v. Mich. Dep't of Corr.—Health Servs.*, No. 12-cv-12936, 2013 WL 607783, at *3 (E.D. Mich. Jan. 28, 2013) (denying preliminary injunction injunctive relief for prisoner who speculated that he might be transferred to another facility in retaliation for filing the underlying civil rights lawsuit). To the extent that the allegations in Morrison's motion can even be construed as establishing a claim, he is unlikely to prevail on the merits.

For many of the same reasons, the Court finds that Morrison cannot show that he will suffer irreparable harm without an injunction. To establish irreparable harm, a plaintiff must

show that, unless his motion is granted, "[he] will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc*., 443 F.3d 540, 552 (6th Cir. 2006). Moreover, "the harm alleged must be both certain and great, rather than speculative or theoretical." *State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987).

Again, Morrison speculates, without support, that respondent will attempt to transfer him to a different facility to moot the claims set forth in the FAC. Yet, he acknowledges that all inmate transfers have been cancelled, and he concedes that it is unlikely that any such transfers will take place before Spring 2021. He does not allege that he is currently scheduled to be transferred to another facility, and his own admissions confirm that any such yet-to-be-scheduled transfer is not imminent. Because any harm he fears from a possible transfer is both based on speculation and unlikely to happen in the near future, Morrison has failed to demonstrate that he will suffer irreparable harm if preliminary injunctive relief is not granted.

Having balanced the relevant factors under Fed. R. Civ. P. 65, the Court finds that the facts that Morrison is unlikely to prevail on the merits and cannot demonstrate irreparable harm from a failure to grant the requested relief easily weigh against granting his request for immediate injunctive relief. Accordingly, Morrison's motion for a preliminary injunction to prevent an institutional transfer is denied.

## V. CONCLUSION

For the foregoing reasons, the Court accepts the R&R in part and denies all of the following motions: Morrison's motions for a temporary restraining order and/or preliminary injunction (Doc. Nos. 8, 19), motions for hearings (Doc. Nos. 11, 22), motions to take judicial

notice (Doc. Nos. 30, 31), and the motion for the appointment of counsel. (Doc. No. 10.) Additionally, Morrison's motion for a ruling on the motion for a temporary restraining order and/or preliminary injunction as to an institutional transfer (Doc. No. 32) is denied as moot. This case shall go forward on the FAC, under the pretrial supervision of the magistrate judge. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 2, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**